MCGUIREWOODS LLP
A. BROOKS GRESHAM (SBN 155954)
bgresham@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorneys for Sprint Spectrum, L.P., and
Sprint Communications Company L.P.

FILED
JUL - 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

SPRINT SPECTRUM, L.P., and
SPRINT COMMUNICATIONS
COMPANY L.P.,

    Applicant,

vs.

TWITTER, INC.

    Respondent.

Case No.: CV 12 80 159 MISC    EMC

MISCELLANEOUS ACTION:

REQUEST FOR IDENTITY OF INFRINGER PURSUANT TO 17 U.S.C. § 512(h)

    Pursuant to 17 U.S.C. § 512(h), Applicants Sprint Spectrum, L.P., and Sprint Communications Company L.P. (hereinafter collectively, "Sprint") hereby request the Clerk of this Court to issue a Subpoena Duces Tecum to Respondent Twitter, Inc. ("Twitter") in the form attached as Exhibit 1, and respectfully show the Court as follows:

I.   **APPLICABLE LAW**

    17 U.S.C. § 512(h) provides as follows:

    (h) Subpoena to identify infringer.
      (1) Request. A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a

40311196.1

1

REQUEST FOR IDENTITY OF INFRINGER PURSUANT TO 17 U.S.C. § 512(h)

subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

    (2) Contents of request. The request may be made by filing with the clerk--
        (A) a copy of a notification described in subsection (c)(3)(A);
        (B) a proposed subpoena; and
        (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

    (3) Contents of subpoena. The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

    (4) Basis for granting subpoena. If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

    (5) Actions of service provider receiving subpoena. Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

    (6) Rules applicable to subpoena. Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

17 U.S.C. § 512(h).

## II. REQUEST FOR SUBPOENA DUCES TECUM

Sprint satisfies each of the requirements of 17 U.S.C. § 512(h) as follows:

1. A true and correct copy of Sprint's notice to Twitter under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c)(3)(A), is hereby attached as Exhibit A to the Declaration of A. Brooks Gresham.

2. The form of the proposed subpoena to Twitter is attached as Exhibit 1 to this request.

3. The Declaration of A. Brooks Gresham is a sworn declaration indicating that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

Thus, having satisfied all requirements under 17 U.S.C. § 512(h), Sprint respectfully requests the Clerk of this Court to issue a Subpoena Duces Tecum to Twitter in the form attached hereto as Exhibit 1. *See* 17 U.S.C. § 512(h)(4) (stating that if all foregoing requirements are satisfied, "the clerk *shall* expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.") (emphasis added).

Dated: July 6, 2012              MCGUIREWOODS LLP

By: _____
A. Brooks Gresham
Attorneys for Sprint Spectrum, L.P., and
Sprint Communications Company L.P.

# EXHIBIT 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| SPRINT SPECTRUM, L.P., and SPRINT COMMUNICATIONS COMPANY L.P. <br> *Plaintiff* <br> v. <br> TWITTER, INC. <br> *Defendant* | ) ) ) ) ) ) ) ) | Civil Action No. <br><br> (If the action is pending in another district, state where: <br> _____ District of _____   ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TWITTER, INC.
795 Folsom St., Suite 600, San Francisco, CA 94107

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: | MCGUIREWOODS, LLP <br> 1800 CENTURY PARK EAST, 8TH FLOOR <br> LOS ANGELES, CA 90067 | Date and Time: <br> 7/20/2012 10:00 AM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Sprint Spectrum, L.P.,___ ___and Sprint Communications Company L.P._____ , who issues or requests this subpoena, are:
A. Brooks Gresham, McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed

information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

# TO EXHIBIT 1

## ATTACHMENT A

## **INFORMATION TO BE PRODUCED**

Information sufficient to identify the user @InsideSprintNow, to the extent such information is available to Twitter, Inc. including:

1. All IP addresses associated with the user @InsideSprintNow.
2. All identifying information submitted by the user @InsideSprintNow.
3. All identifying information available to Twitter, Inc. regarding the user @InsideSprintNow.